IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAKO-MED USA, INC., HAKO-MED GMBH, and ACHIM HANSJURGENS, PH.D., <br><br> Plaintiff, <br><br> vs. <br><br> AXIOM WORLDWIDE, INC., DOE DEFENDANTS 1-20, DOE CORPORATIONS 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, <br><br> Defendant. | CV. NO. 10-00384 DAE-LEK |

ORDER: (1) DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION; AND (2) DISMISSING ACTION

On October 25, 2010, the Court heard Plaintiffs Hako-Med USA, Inc., Hako-Med GMBH, and Achim Hansjurgens, Ph.D.'s (collectively, "Plaintiffs") Motion for Preliminary Injunction.  Philip R. Brown, Esq., Effie A Steiger, Esq., Justin Michael Chu, Esq., and Craig M. Rappel, Esq., appeared at the hearing on behalf of Plaintiffs; Defendants have not appeared in this case and did not appear at the hearing.  After reviewing the Motion and the supporting memoranda, the Court **DENIES** Plaintiff's Motion.  (Doc. # 5.)  Additionally, the Court **DISMISSES** this action as barred by res judicata.

## BACKGROUND

This matter arose out of Defendant Axiom Worldwide, Inc.'s ("Axiom") alleged infringement of U.S. Patent No. 5,573,552 (the "552 patent"). On or about November 12, 1996, 552 patent was issued to Plaintiff Achim Hansjurgens, Ph.D. ("Dr. Hansjurgens"), and Plaintiffs are the rightful owners of the patent. ("Mot.," Doc. # 5, Ex. K.)  Dr. Hansjurgens' invention is an apparatus for electrotherapeutic applications operating in the medium frequency range between 1000 Hz and 100,000 HZ, whereby an electric current is applied across two electrodes in order to target potential treatment areas. (Id.)

On September 28, 2006, Plaintiffs sued Defendant in the United States District Court for the Middle District of Florida in Case No. 06-cv-01790 ("Hako-Med I"), alleging that Axiom's EPS8000 device infringed the 552 patent. ("Compl.," Doc. # 1 at 3.)  In November 2006, while that case was pending, Axiom allegedly revised its EPS8000 to the EPS8000 Rev. C model in order to avoid any infringement. (Id.)  In late 2007, Axiom disclosed this revision to Plaintiffs and offered to allow Plaintiffs to inspect the revised model. (Id.)  On February 5, 2008, Plaintiffs and Axiom agreed that Plaintiffs reserved the right to inspect the EPS8000 Rev. C and, allegedly, that Plaintiffs had not charged the revised device with infringement. (Id.)

The prior case went to trial before a jury in September 2009, and at the conclusion of the trial, the jury returned a verdict of no literal infringement but found that Axiom willfully infringed the 552 patent under the doctrine of equivalents. (See Hako-Med USA, Inc., et al. v. Axiom Worldwide, Inc., et al., No. 06-cv-01790 EAJ (M.D. Fla.) ("Hako-Med I"), Doc. # 199 at 5).

Subsequently, Axiom filed post-verdict motions for judgment as a matter of law, arguing that Plaintiffs only presented a theory of literal infringement to the jury, thus the jury's finding of infringement under the doctrine of equivalents was wholly unsupported by the evidence. (Id. at 5-6.) The Hako-Med I court, after reviewing the trial record, found that Plaintiffs only referenced the "doctrine of equivalents" three times throughout the entire trial, and therefore Plaintiffs failed to clearly demonstrate how Axiom's device infringed upon the 552 patent under the doctrine of equivalents. (Id. at 12.) As such, as to the 552 patent, the Hako-Med I court vacated the jury's verdict and the judgment entered against Axiom. (Id. at 17.)

On July 9, 2010, Plaintiffs filed the instant suit in this Court, alleging that Axiom's EPS8000 Rev. C infringes the 552 patent. (Compl.) On the same day, Plaintiffs filed the instant Motion for Preliminary Injunction ("Motion"). (Mot.) On August 4, 2010, Plaintiffs filed a Motion to Shorten time on the instant

Motion, which was denied by the Court on August 5, 2010. (Doc. # 14.) On August 19, 2010, Plaintiffs filed a Motion for Entry of Default against Axiom for failure to plead or otherwise defend against Plaintiffs' Complaint. (Doc. # 15.) On August 23, 2010, Default was entered against Axiom by the Clerk of this Court. (Doc. # 16.)

On October 12, 2010, the Court requested that Plaintiffs file a case status report regarding the status of the action in light of Defendant's failure to appear or oppose. The Court further asked Plaintiffs to address and clarify whether this suit could properly be brought before the Court due to the prior litigation in the Middle District of Florida. On October 15, 2010, Plaintiffs filed a Status Report on Plaintiff's Motion for Preliminary Injunction ("Status Report") addressing the above issues. ("Status Report," Doc. # 19.)

## DISCUSSION

Plaintiffs' Status Report provides three reasons for why this action is not barred before this Court: 1) that res judicata and collateral estoppel are affirmative defenses; 2) that the theory in this action is based on the "doctrine of equivalents" rather than "literal infringement", and 3) that in this action, infringement is asserted as to Axiom's EPS8000 Rev. C, not the EPS8000.

I.      The Court's Ability to Raise Res Judicata (Claim Preclusion)[1] Sua Sponte

First, Plaintiffs argue that "claims preclusion (whether "res judicata" or "collateral estoppel") is an affirmative defense and must be raised in pleadings to be invoked by the District Court." (Status Report at 3.) The United States Court of Appeals for the Federal Circuit is the immediate appellate court for actions where jurisdiction is found at least in part in 28 U.S.C. § 1338. See 28 U.S.C.A. §§ 1291, 1292, & 1295. However, because the application of res judicata, otherwise known as claim preclusion, is procedural and not within the exclusive jurisdiction of the Federal Circuit, the law of the circuit in which the district court sits determines the application of these doctrines. Bayer AG v. Biovail Corp., 279 F.3d 1340, 1345 (Fed. Cir. 2002) (citation omitted); Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 375 F.3d 1328, 1333 (Fed. Cir. 2004) (citation omitted). As such, this Court shall rely upon Ninth Circuit authority governing the application of claim preclusion.

A district court may dismiss an action sua sponte where a defense of claim preclusion is not raised by a defendant. U.S. v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (citations omitted). As the United States Supreme Court

---

[1] In this order, the Court solely refers to and relies on res judicata, otherwise known as claim preclusion.

explained, the policies underlying this doctrine is "not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but [is] also based on the avoidance of unnecessary judicial waste." Id.; see also Clements v. Airport Auth. Of Washoe County, 69 F.3d 321, 329 (9th Cir. 1995).  The Ninth Circuit has also held that a district court's sua sponte recognition of claim preclusion is "entirely proper" when the parties are permitted to address the question before the court.  See McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986).

        Here, the Court instructed Plaintiffs to address possible issues of res judicata and collateral estoppel prior to making any finding on the matter.  (Status Report at 2-4.)  Additionally, although the Court recognizes that extra caution must be taken when dismissing a claim in favor of a nonappearing party, as is the situation currently before the Court, the Ninth Circuit has found sua sponte summary judgment in favor of a nonappearing defendant to be valid.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir. 1995).  For all the reasons above, the Court finds it appropriate to raise claim preclusion sua sponte in order to avoid potentially repetitive litigation.

II.     Res Judicata (Claim Preclusion)

Plaintiffs argue that, "whilst the parties in this present action are identical to, or in privity with, the parties in the prior action, no final judgment has been rendered on the merits as to whether the Axiom EPS8000, Revision C or higher, device, has infringed the 552' patent." (Status Report at 3.) Plaintiffs argue that in Hako-Med I, the only device sought to be enjoined was the EPS8000 device produced prior to November 2006. (Id. at 3-4; Hako-Med I, Doc. # 199.)

The concept of claim preclusion, "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986) (quoting South Delta Water Agency v. United States, Dep't of Interior, Bureau of Reclamation, 767 F.2d 531, 538 (9th Cir. 1985)) (internal marks omitted).

The Ninth Circuit has found claim preclusion applicable where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)). As

the parties in the instant case are identical to the parties in Hako-Med I, and as final judgment was entered in Hako-Med I,[2] the only issue of contention on the applicability of claim preclusion is whether the claims in Hako-Med I and the instant case are the same.

"Whether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,'" and is therefore analyzed under Federal Circuit law. Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed. Cir. 2008) (citing Hallco Mfg. Co. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001)). In applying the doctrine of claim preclusion, the Federal Circuit is guided by the Restatement (Second) of Judgments. Id. (citation omitted). The Restatement states that:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

---

[2] Plaintiffs have appealed the judgment rendered by the District Court in Hako-Med I to the Federal Circuit. However, "[t]he federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata." Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985) (citation omitted).

> (2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Id. at 1324 (quoting Restatement (Second) of Judgments § 24).

"[T]wo claims for patent infringement do not arise from the same transactional facts unless the accused devices in each claim are 'essentially the same.'" Id. at 1326 (citing Foster v. Hallco Mgf. Co., Inc., 947 F.2d 469, 479-80 (Fed. Cir. 1991)); see also Young Engineers, Inc. v. United States International Trade Commission, 721 F.2d 1305, 1316 (Fed. Cir. 1983) ("With respect to patent litigation, we are unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit."). "Accused devices are 'essentially the same' where the differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent.'" Id. at 1324 (citations omitted).

In the instant case, Plaintiffs fully acknowledge that the two devices in question, Axiom's EPS8000 and EPS8000 Rev. C, are nearly identical. (Mot. at 5.) Dr. Achim Hansjurgens—the inventor of the 552 patent, President of Hako-Med GMBH, and Plaintiffs' expert—states in his declaration in support of

9

Plaintiffs' Motion that in creating EPS8000 Rev. C, that "[t]he only change made by Axiom to the prior version relevant to the 552 patent was the reduction of the modulation interval from 1000HZ [sic] to 900Hz. This has absolutely no effect on the outcome and is substantially the same mechanism [as EPS8000 from <u>Hako-Med I</u>]." (Declaration of Achim Hansjurgens "Hansjurgens Decl.," Doc. # 5-13 at 1 ¶ 3).

        Therefore, through Plaintiffs' own assertions, the Court finds that the allegedly infringing devices in <u>Hako-Med I</u> and the instant case are "essentially the same" because the differences between them are merely "colorable" or "unrelated to the limitations in the claim of the patent." <u>See</u> <u>Acumed</u>, 525 F.3d at 1324. Accordingly, Plaintiffs' instant cause of action for patent infringement is barred by claim preclusion because an identical cause of action was previously determined in <u>Hako-Med I</u>. <u>Id.</u> at 1323.

        Plaintiffs additionally argue that this Court should hear their suit because any potential relief granted by the United States Court of Appeals for the Federal Circuit would only apply to EPS8000 devices manufactured prior to November 2006. However, because the Court has found that the devices are "essentially the same," should Plaintiffs be granted relief, a contempt proceeding would be available with respect to the EPS8000 Rev. C. <u>KSM Fastening Sys., Inc.</u>

v. H.A. Jones Co., 776 F.2d 1522, 1526 (Fed. Cir.1985)  (holding that "contempt proceedings . . . are available only with respect to devices previously admitted or adjudged to infringe, <u>and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent</u>.") (emphasis added).

   Plaintiffs further argue that their case should be heard by this Court because it is brought under the theory of the doctrine of equivalents rather than literal infringement, the primary theory under which Plaintiffs prosecuted Hako-Med I.  In support, Plaintiffs argue that "the law of the case doctrine should not be read so rigidly that it precludes a party from raising an argument that it had no prior opportunity to raise."  White v. Sabatino, 526 F. Supp. 2d 1143, 1152 (D. Haw. 2007) (quotation and marks omitted).

   Plaintiffs misstate the applicable doctrine, as the law of the case doctrine relates only to legal issues decided by the same court in a prior proceeding on the same case.  See id. (citing United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)).  Here, the prior litigation at issue, Hako-Med I, was a separate case litigated in the United States District Court for the Middle District of Florida, making the law of the case doctrine inapplicable.  Instead, claim preclusion "bar[s] all grounds for recovery which could have been asserted, whether they were or not,

11

in a prior suit between the same parties . . . on the same cause of action." Ross v. Int'l Broth. of Elec. Workers, 634 F.2d 453, 457 (9th Cir. 1980) (citing Lawlor v. Nat'l Screen Serv., 349 U.S. 322, 329 (1955)).

Here, because EPS8000 and EPS8000 Rev. C are "essentially the same" as explained above, Plaintiffs seek to litigate an issue identical to that in Hako-Med I: whether Axiom's EPS8000 infringes on the 552 patent. Plaintiffs had the opportunity to raise the legal theory of doctrine of equivalents in Hako-Med I, they simply chose not to prosecute regarding this theory. See Scoggin v. Schrunk, 522 F.2d 436, 437 (9th Cir. 1975) (res judicata bars "assertion of every legal theory . . . that might have been raised" in a first action). Plaintiffs admit that "no evidence of 'equivalents' [was] presented since Plaintiffs merely presented a case of literal infringement, upon which the jury did not find." (Status Report at 3-4; Hako-Med I, Doc. # 199.) Here, claim preclusion bars Plaintiffs from bringing a second lawsuit for the purpose of alleging a legal theory that they failed to prosecute in Hako-Med I. Accordingly, there is no basis for Plaintiffs' argument that this suit is valid because it is brought under the doctrine of equivalents rather than literal infringement.

The Court finds that: (1) the instant action involves the same parties as in Hako-Med I; (2) by Plaintiffs' own admissions EPS8000 is "essentially the

12

same" as EPS8000 Rev. C.; and (3) <u>Hako-Med I</u> was terminated by a final judgment on the merits.  Therefore, claim preclusion bars Plaintiffs' instant cause of action.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction. (Doc. # 5.)  Additionally, the Court **DISMISSES** this action as barred by res judicata.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 29, 2010.



_____
David Alan Ezra
United States District Judge

<u>Hako-Med USA, Inc. et al. v. Axiom Worldwide, Inc., et al.</u>, Cv. No. 10-00384 DAE-LEK; ORDER: (1) DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; AND (2) DISMISSING ACTION